RAND, *Adm'r, versus* TOBIE.

In a citation to an execution creditor, notifying him of the time and place, at which his debtor intended to take the poor debtor's oath, it is not necessary that a statement should be made of the date of the judgment, or of the date of the execution.

A *certiorari* is grantable only when it is shown that some injustice would be done.

DEBT, on a debtor's six months relief bond.

An execution, dated 26th of March, 1849, was issued against Tobie in favor of " John Rand, as he is administrator of the estate of S. W."

The execution purports to have been issued upon a judg-

Rand v. Tobie.

ment recovered March 23, 1849. Tobie was arrested and gave the bond to obtain his release.

One of the conditions in the bond was, that if said Tobie "shall within six months cite the said John Rand, administrator, creditor," &c.

In order that he might be discharged on taking the poor debtor's oath, he applied to two justices for a citation to be issued to said creditor, and in the application recited, that he, the said Tobie, "had been arrested by force of an execution which issued, on the judgment obtained against him on the 26th day of March, 1849, in favor of John Rand, administrator, for the sum," &c. Upon the same paper, and subjoined to said application, the justices issued their citation, directed "to John Rand;" and containing, among other things, the following words: "you are hereby notified of the desire of the above named debtor, as expressed in the foregoing application." In that form the citation was served upon the plaintiff, Rand.

The case was submitted to the court for decision, upon the stipulation; 1st, that, if the citation was legal and sufficient, the plaintiff should become nonsuit; if otherwise, the defendants were to be defaulted; and 2dly, "that the question of the sufficiency of the citation may be considered by the court in the same manner as upon a petition for a writ of *certiorari* to quash the proceedings of the justices."

*Rand*, for the plaintiff.

By the agreed statement of facts, the sufficiency of the citation is submitted to the court, without regard to the certificate of the justices.

And the plaintiff submits that said citation is insufficient and illegal, and the subsequent proceedings void; because : —

1. Citation is directed to plaintiff *individually*, and not as *administrator*; and in no part of said citation does it appear, of whom the plaintiff was administrator.

2. Citation states that the judgment was rendered March 26, 1849; whereas it appears by the execution that judgment was rendered March 23d.

If debtor has not duly cited the creditor, then the plaintiff is entitled to recover, as damages, the full amount of his debt.

*Sweat*, for the defendants.

WELLS, J., orally. — 1st. It is not requisite that either the date of the judgment or of the execution should be stated in the citation. In this case it may be equivocal which is expressed, and it seems immaterial which. For, as the question is to be treated, as if before us on a petition for *certiorari*, the error, if any, cannot avail the plaintiff. Such a writ is not grantable, except where it is shown that some injustice would be done.

2. It is contended that the representative character of the plaintiff does not sufficiently appear in the citation. But the application for the citation is annexed, and referred to in it. That furnishes a sufficient description.

*Plaintiff nonsuit.*